Filed 5/11/22  P. v. Simpson CA4/1
Opinion following rehearing

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## OPINION ON REHEARING

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079474 |
| Plaintiff and Respondent, | |
| v. | |
| TEVINE TAJ SIMPSON, | (Super. Ct. No. C1653732) |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Santa Clara County, Socrates Peter Manoukian, Judge.  Dismissed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Catherine A. Rivlin and Bruce M. Slavin, Deputy Attorneys General, for Plaintiff and Respondent.

As part of a plea bargain, Tevine Taj Simpson agreed to plead no contest to one count of using personal identifying information without authorization (Pen. Code,[1] § 530.5, subd. (a)), in exchange for receiving a 16-month lower-term sentence, to be served locally and with no postrelease supervision. But in December 2019, after Simpson repeatedly failed to appear in court, the trial court exercised the *Cruz*[2] waiver incorporated in the plea bargain and sentenced Simpson to a three-year upper-term sentence (still to be served locally and without postrelease supervision).

On appeal, Simpson challenges only the trial court's imposition of the upper-term sentence. As we will explain, however, Simpson's appeal is moot because he fully served his sentence as of May 2021, is not subject to postrelease supervision, and has not identified any ground on which we should exercise our discretion to entertain a moot appeal. Accordingly, we will dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

**Trial Court Proceedings**

In 2018, Simpson entered into a plea bargain under which he pleaded no contest to a single felony count of using personal identifying information without authorization (§ 530.5, subd. (a)), which carries a potential sentence of 16 months, two years, or three years (§§ 530.5, subd. (a), 1170, subd. (h)(1)). Under the plea bargain, Simpson would receive a 16-month sentence to be served in county jail, with no postrelease supervision. The deal also included a *Cruz* waiver that would allow the court to impose a longer

---

1 Further undesignated statutory references are to the Penal Code.

2 *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

sentence if Simpson failed to appear for future court dates without reasonable justification.

In April 2018, the court entered Simpson's plea and ordered him to return in August 2018 for sentencing. Simpson failed to appear in August 2018 and on several later occasions. In November 2019, he was apprehended in Georgia and extradited to California.

On December 20, 2019, the trial court sentenced Simpson to the upper term of three years, to be served in county jail. The court credited Simpson with 80 days of presentence custody credits, and specified that "[u]pon [Simpson's] release from custody, there will be no further supervision."

## Appeal

In February 2020, Simpson filed a notice of appeal in the Court of Appeal for the Sixth District. The appeal was fully briefed in November 2020.

In September 2021, the Supreme Court transferred Simpson's appeal to this court.

On March 21, 2022, we issued a nonpublished opinion affirming Simpson's sentence.

## Petition for Rehearing

On April 5, 2022, Simpson filed a petition for rehearing. He argued rehearing was necessary so that we could remand for resentencing in light of changes in the law that took effect January 1, 2022. We ordered the Attorney General to respond to the petition.

On April 15, the Attorney General filed a response, arguing the appeal should be dismissed as moot because Simpson was released from custody in May 2021 "and has fully served his sentence." The Attorney General stated

3

he had requested and was awaiting receipt of documentation confirming this claim.

On April 18—two days before our opinion would become final—we granted Simpson's petition for rehearing. We ordered the Attorney General to "submit evidence substantiating its claim that [Simpson] has served his entire sentence." And we ordered Simpson to submit a letter brief "addressing whether this appeal is moot in light of [the Attorney General]'s claim that [Simpson] has served his entire sentence."

**Supplemental Submissions**

On April 29, the Attorney General submitted a report from the County of Santa Clara Department of Corrections that stated Simpson "was released to the Custodial Alternative Supervision Program" on March 9, 2021, "with a scheduled release date of" May 4, 2021.

Also on April 29, Simpson submitted a letter brief arguing the appeal is not moot. Simpson maintained that, even though he is no longer in physical custody, he is still subject to postrelease supervision, the duration of which could be shortened by a determination that the trial court erred in imposing the upper-term sentence. Simpson's appellate counsel asserted in the submission that, "[b]ecause [Simpson] lives in Los Angeles County, it is that county that is supervising him." The submission included a photograph of a form from the County of Los Angeles Probation Department that indicated Simpson is subject to probation *in a different case*. Simpson represented that calls by his appellate counsel to the probation department to secure additional documentation "have not been returned or even acknowledged."

4

### Motion to Withdraw Petition for Rehearing

On May 4, 2022—the apparent anniversary of Simpson's release from custody—Simpson filed a motion to withdraw his petition for rehearing and subsequent letter brief.

In a supporting declaration, Simpson's appellate counsel stated that when she filed the petition for rehearing, it was her "[mis]understanding that because [Simpson] lives in Los Angles County, supervision for [this] case . . . had been transferred there." She explained trial counsel "was unable to give . . . any information on the current status of the case," and calls to the Los Angeles County Probation Department "were never returned."

Counsel advised that on May 2, the Deputy Attorney General handling this appeal advised her "he had finally been able to contact probation departments for both Santa Clara and Los Angeles Counties and that [Simpson]'s sentence in [this case] had been served in full" and "[h]e was not subject to community supervision."

Accordingly, Simpson requested "permission to withdraw the petition for rehearing and subsequent letter brief on the ground that the issue raised therein is moot." Simpson's counsel represented that the Attorney General "has no objection" to the requested relief.

Simpson did not address the Attorney General's contention that the appeal, as a whole, should be dismissed as moot.

### DISCUSSION

### I. This Appeal is Moot

In opposing Simpson's petition for rehearing, the Attorney General argued this appeal should be dismissed as moot because we cannot grant effective relief inasmuch as Simpson has fully served his sentence and is not subject to further supervision. (See *People v. DeLeon* (2017) 3 Cal.5th 640,

645 (*DeLeon*) [where the appellant has completed his sentence and is no longer subject to postrelease supervision, the "appeal is technically moot because a reviewing court's resolution of the issues could offer no relief regarding the time he spent in custody or the parole term that has already terminated"]; *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 [" '[A]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief.' "].)

Initially, Simpson argued the appeal is not moot because we could grant effective relief by remanding for resentencing, which could result in a shorter sentence that would also shorten the remaining period of postrelease supervision. However, Simpson has since acknowledged he was not subject to postrelease supervision in this case. Thus, he has not identified any effective relief we can grant.

Nor has Simpson identified any issue in this case that is a matter of continuing public interest that is likely to recur yet evade appellate review. (See *DeLeon*, *supra*, 3 Cal.5th at p. 646.) Thus, we decline to exercise our discretion to entertain a technically moot appeal. (*Ibid.*)

Accordingly, we will dismiss the appeal as moot.

## II. Motion to Withdraw

Because we are dismissing this appeal as moot, we similarly deny as moot Simpson's motion to withdraw his petition for rehearing and supplemental letter brief.

This appeal should serve as a cautionary tale for all appellate counsel to learn and advise the courts of the custodial status of appellants who are appealing issues relating only to their sentences. The failure to do so here has wasted hours of scarce judicial resources on an appeal that was moot

6

when it was transferred to this court, when we filed our original opinion, and when Simpson filed his petition for rehearing.

## DISPOSITION

The appeal is dismissed.

HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.

7